■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEWIS GELAC BROWN, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, et al., Respondents.— Relator appeals from an order of the Clinton County Court dismissing a writ of habeas corpus. Relator was convicted of assault in the first degree upon his plea of guilty and was sentenced as a second offender to an indeterminate term of 5 to 10 years on March 17, 1958. His contention is that the court should not have permitted him to waive the two-day waiting period provided for by section 472 of the Code of Criminal Procedure, and that the court did not consult a probation report in accordance with section 482 of the Code of Criminal Procedure before pronouncing sentence. Section 472 expressly provides for the waiving of the two-day waiting period, and the record of defendant's arraignment clearly shows that he waived it after being advised by the court that he had an absolute right to have sentence deferred for two days. Relator's bare assertion and conclusion that the court failed to consult a probation report is insufficient to overcome the presumption of regularity. Relator was represented by counsel who was present at the arraignment. No objection was made to the procedure and no motion made in arrest of judgment. Order unanimously affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE J. ODY, SR., Appellant, v. WALTER M. WALLACK, as Warden of Wallkill Prison, Respondent. — Appeal from an order of the Supreme Court at Special Term which dismissed a writ of habeas corpus after a hearing. The imposition of consecutive sentences for burglary, third degree, and grand larceny, first degree, was proper. (Penal Law, §§ 406, 2190, subd. 4; *People* v. *Ody*, 13 A D 2d 569.) The record negates appellant's claim of noncompliance with section 480 of the Code of Criminal Procedure. The place of imprisonment was sufficiently specified as "the State Prison at Dannemora". Appellant's additional contentions were not substantiated by any proof. Order unanimously affirmed, without costs.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARLAND GEORGE HOWE, Appellant.— Appeal from a denial of an application for a writ of error *coram nobis* without a hearing. Appellant in his petition claimed he entered a plea of guilty to murder in the second degree with the understanding he would receive a sentence of 20 years to life and further alleged that his assigned counsel did not properly represent him. The record shows that appellant was sentenced from 35 years to life without any protest on his part or on the part of his counsel and after he had assured the court there was "no bargaining or anything of that nature". His assigned counsel is an outstanding member of the Albany County Bar and a former District Attorney of that county. Order unanimously affirmed.